**In re Doyle CHISM, Norma Chism, Debtors.**

**Bankruptcy Nos. 83–01066, 83–01067.**

United States Bankruptcy Court,
M.D. Alabama.

March 20, 1985.

William C. Carn, III Dothan, Ala., for Doyle Chism and Norma Chism.

Joseph W. McDowell, Selma, Ala., for Federal Land Bank of Jackson, Miss.

## ORDER ON APPLICATION FOR SALE OF REAL PROPERTY AND FEDERAL LAND BANK STOCK

RODNEY R. STEELE, Bankruptcy Judge.

The debtors in this case filed a motion on February 26, 1985, to sell 890 acres of Mississippi farm land and stock in the Federal Land Bank, valued at $25,000.00.

The application asserts that the farm land has been appraised, and it has a value of $750,000.00, and that the stock has a value of $25,000.00, and that the debtors have obtained a purchaser for $775,000.00.

The real property is mortgaged to the Federal Land Bank of Jackson, in the amount of $739,971.83, as of March 1, 1985, and that debt is bearing interest at the rate of $215.79 per day.

The application was set to be heard at Montgomery on March 18, 1985. The debtors notified the creditor's committee and other interested parties, including the proposed purchaser and the Federal Land Bank.

At the time of the hearing in this case, on March 18, 1985, there appeared the debtors and their attorney, and the attorney representing American Petrofina. That attorney has also, in the past, served as a communicator of the affairs of this estate to the creditor's committee, which consists of several oil companies who claim to have a debt against these debtors. The large claims of these oil companies against these debtors is in dispute, and will be on submission to this court on or after May 15, 1985.

There were no objections to the application to sell this real property. Two appraisals were attached to the petition, and these appraisals reflect a valuation of $660.00 per acre in one instance, and $720.00 per acre from the second appraisal. The property is to be sold for $850.00 per acre, and that amount is offered by the purchaser, Macon W. Gravlee, Jr.

Under the ruling in *In re Lionel Corp.*, (2nd Cir.1983) 722 F.2d 1063 and *In re Allison*, (D.C.D.N.M., 1984) 39 B.R. 300, the court concludes that it is obliged to make some inquiry concerning the details of this transaction in this Chapter 11 proceeding. We are particularly called upon to make this inquiry in view of the fact that no disclosure or plan has been filed in these proceedings, and that these proceedings were filed in 1983.

The delay in proposing the plan and filing a disclosure statement is due to the on-going litigation which is a contest of claims, between these debtors and the oil companies referred to above.

Although the appraisals do not appear to be made by appraisers with any outstanding credentials, we conclude that they are some evidence of the value of this property in Mississippi, against which the proposed sale price may be gauged.

We also have the representation of the debtor, Doyle Chism in this case, that the land has not been farmed by him for over two years; that it was leased in 1984 for $34,000, an amount which did not service the mortgage and pay the taxes; that the taxes on this property have not been paid by the debtors in the last two years, but have been paid by the Federal Land Bank, the mortgage holder.

It moreover appears from representation of the debtor that this property is only farm land, with no significant improvements. It has one small house on it.

It consists of 880 acres of grazing or crop lands, and has been used by the debtor in years past to raise soy beans and wheat.

The only property nearby which the debtor could testify to which might be comparable, was an adjoining property consisting of 1400 acres, purchased two or three years ago by Mr. Gravlee, the proposed purchaser here, for $1,200 an acre. But this land, according to Mr. Chism, is improved property, with many out buildings, and is used for the raising of cattle primarily.

Mr. Gravlee, according to Mr. Chism, is a wealthy owner of a chain of grocery stores.

The arrangement under which this property is to be sold provides for Mr. Gravlee to take over the Federal Land Bank mortgage and the debt, and the Federal Land Bank will release both the debt and the mortgage insofar as these debtors are concerned, and Mr. Gravlee will assume both. In addition, the Federal Land Bank will release its mortgage on 395 acres of real property, and that property will be free and clear of any encumbrances, and will belong to this estate.

Moreover, this estate will retain ¼ of ¼ of the mineral interest on the 880 acres, and this ¹⁄₁₆ interest in the debtors as to mineral or oil rights will be an asset of this

estate, free and clear of the mortgage encumbrance to the Federal Land Bank.

The 880 acres has not been rented for the year 1985, and there will be no income from its use to this estate.

The debtor in this case is unable to service the Federal Land Bank mortgage. It is impossible, according to his representations, to pay any of the principal or any of the interest, and he has been delinquent in his taxes on the land for the last two years.

This is, in effect, a liquidating Chapter 11 case, and it is not anticipated that a plan or a disclosure statement will be filed in the immediate future. When such a plan is filed, it appears that it will be a liquidation proceeding in which the debtors will be entitled only to whatever exemptions the law may permit them at the time of the filing of the Chapter 11. They may, of course, be able to garnish something in addition from their creditors through whatever plan may be confirmed. But it appears that secured creditors must be first satisfied, and that this will satisfy a large secured creditor. It also appears that this liquidation will dispose of approximately half of the value of the debtors' estates.

We conclude that the liquidation to Mr. Gravlee in this case is for a wise business reason, which will reduce considerably the daily interest rate accruing on the farm land in Mississippi, will free up additional farm land from the only mortgage on it, will reduce the necessity for paying taxes and administrative expenses in this proceeding, and that the sale is for a not unreasonable price per acre, and that the sale ought to be approved. It is therefore

ORDERED that the application of the debtors in this cause is hereby granted. Debtors are hereby authorized and empowered to execute and deliver any and all instruments necessary under Mississippi law to convey good and merchantable title to the subject real property, and Federal Land Bank stock to Macon W. Gravlee, Jr., with all customary convenants of warranty and such conveyances shall be free and

clear of all liens and encumbrances except as to the Federal Land Bank. The debtors are further authorized to pay to the Federal Land Bank or to authorize direct payment on their behalf the sum of $25,000.00 from the net proceeds of the sale of the real property and Federal Land Bank stock in return for the releases as set forth in the debtors' application.

The land to be sold is described in Exhibit A, attached hereto.*

---

* *Ed. note:* not submitted for publication.